

Kelly M. Dermody (*pro hac vice* to be filed)
Rachel J. Geman (RG 0998)
Jahan C. Sagafi (*pro hac vice* to be filed)
Jaron R. Shipp (JS 4539045)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
  and
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com
Email: jshipp@lchb.com

*Attorneys for Plaintiff and Class Members*



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAYLA PICKLE, on behalf of herself and a class of those similarly situated,<br><br>Plaintiff,<br>v.<br><br>J.P. MORGAN CHASE & CO.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gayla Pickle ("Plaintiff") alleges, on behalf of herself and a class of those similarly situated, as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The Southern District of New York has personal jurisdiction over J.P. Morgan Chase & Co. ("Defendant" or "Chase"), because it maintains offices in this District, does business in New York and in this district, and because many of the acts complained of and giving rise to the claims alleged occurred in New York and in this District.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Chase does substantial business in this district, and because a substantial part of the events giving rise to the claims occurred in this District.

## SUMMARY OF CLAIMS

5. Plaintiff Gayla Pickle brings this lawsuit as a nationwide collective action under the FLSA, on behalf of herself and all others similarly situated. Plaintiff worked as an underwriter at various offices of Chase located throughout the country. Specifically, Plaintiff worked for Chase as an underwriter from July 2007 to August 2008 in Oklahoma City, Oklahoma.

6. Plaintiff brings this action on behalf of herself and all persons who were, are, or will be employed by Chase nationwide as underwriters, whose primary duty has been to process loan applications according to Chase's established guidelines and procedures, at any time within the three years prior to the filing of the initial Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"), and who were, are, or will be

misclassified by Chase as exempt from overtime pay under federal law. This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

7. Chase is a large financial services company principally located in the City and State of New York. It is one the country's largest commercial banks and one of its principal areas of business is real estate loan origination and underwriting. Defendant employs several hundred mortgage underwriters throughout the country whose primary duty has been to process loan applications according to Chase's established guidelines and procedures. Until February 2009, Chase's policy and practice was to willfully deny earned wages, including overtime wages, to its underwriters in violation of the Fair Labor Standards Act ("FLSA"). In February 2009, Chase reclassified the underwriters en masse from exempt to nonexempt status, but did not pay them backpay for the overtime hours they had worked.

8. Underwriters' primary duty has been to process loan applications according to Chase's established guidelines and procedures. Their job duties involved production work, because the work was directly related to the sale of loan products. Furthermore, the underwriters' primary duties did not involve the customary and regular exercise of independent judgment or discretion. In addition, the underwriters did not supervise other employees. Thus, the underwriters were not employed by Chase in a bona fide administrative or executive capacity, and do not fit within any other exemption to the FLSA's overtime requirements. Chase's classification of Plaintiff and other underwriters as exempt employees under the FLSA was improper.

9. Defendant unlawfully classified Plaintiff and the Nationwide FLSA Plaintiffs as exempt from overtime payments under federal laws, despite the fact that they should have been classified as nonexempt. Plaintiff and the Nationwide FLSA Plaintiffs worked overtime hours, as defined by applicable federal laws, and are and have been entitled to premium compensation at the appropriate rate ("overtime compensation") for all overtime hours worked.

10. Defendant has willfully refused to pay Plaintiff and the Nationwide FLSA Plaintiffs the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

11. Defendant's practices violate the FLSA. Plaintiff seeks declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

12. Plaintiff Gayla Picke was employed by Chase in Oklahoma City, Oklahoma from approximately July 2007 until August 2008. She was employed as a Senior Government Underwriter in Chase's wholesale underwriting division. Throughout her employment, Ms. Pickle's main duties required her to process loan applications based on detailed and uniform criteria set forth by Chase. She regularly worked in excess of forty hours per week, without receiving overtime compensation as required by federal law.

13. Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256. Plaintiff's Consent to Join form is attached hereto as Exhibit A.

14. Chase is a Delaware corporation with its principal place of business in New York. Chase can be served through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

16. Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job duties, were subject to Defendant Chase's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Plaintiffs as exempt employees

and refusing to pay them overtime in violation of the FLSA, and were reclassified by Chase en masse to nonexempt status.

17.　The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the Nationwide FLSA Plaintiffs.

18.　The names and addresses of the Nationwide FLSA Plaintiffs are available from Chase's records. Notice should be provided to the Nationwide FLSA Plaintiffs via first class mail, e-mail, and posting in the offices where they have worked as soon as possible.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiff on Behalf of Herself and the Nationwide FLSA Plaintiffs)

19.　Plaintiff, on behalf of herself and all Nationwide FLSA Plaintiffs, realleges and incorporates by reference paragraphs 1 through 18 as if they were set forth again herein.

20.　At all relevant times, Chase has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Chase has employed, and continues to employ, "employee[s]," including Plaintiff, and each of the Nationwide FLSA Plaintiffs. At all relevant times, Chase has had gross operating revenues in excess of $500,000.

21.　Attached hereto are the Consent to Sue forms signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other similarly situated individuals will sign consent forms and join as Plaintiffs on this claim in the future.

22.　The FLSA requires each covered employer, including Defendant Chase, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

23. The Nationwide FLSA Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

24. At all relevant times, Chase, pursuant to its policies and practices, failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for their hours worked in excess of forty hours per week.

25. By failing to compensate Plaintiff and the Nationwide FLSA Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Chase has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

26. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Nationwide FLSA Plaintiffs, Chase has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Plaintiff, on behalf of herself and the Nationwide FLSA Plaintiffs, seeks recovery of attorneys' fees and costs of action to be paid by Chase, as provided by the FLSA, 29 U.S.C. § 216(b).

29. Plaintiff, on behalf of herself and Nationwide FLSA Plaintiffs, seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all members of the Nationwide FLSA Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the Nationwide FLSA Plaintiffs;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Post-Judgment interest, as provided by law; and

H. Such other legal equitable relief as this Court deems necessary, just, and proper.

Dated: March 29, 2010

Respectfully submitted,

By: /s/ Rachel Geman
Rachel J. Geman

Kelly M. Dermody (Cal. Bar No. 171716)
Rachel J. Geman (RG 0998)
Jahan C. Sagafi (Cal. Bar No. 224887)
Jaron R. Shipp (JS 4539045)
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

    and
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com
Email: jshipp@lchb.com

*Attorneys for Plaintiff and Class Members*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: March 29, 2010

Respectfully submitted,

By: ⁄s⁄ Rachel J. Geman
Rachel J. Geman

Kelly M. Dermody (*pro hac vice* to be filed)
Rachel J. Geman (RG 0998)
Jahan C. Sagafi (*pro hac vice* to be filed)
Jaron R. Shipp (JS 4539045)
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
 and
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: rgeman@lchb.com
Email: jsagafi@lchb.com
Email: jshipp@lchb.com

*Attorneys for Plaintiff and Class Members*

# Exhibit A

## CONSENT TO JOIN FORM
### Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for J.P. Morgan Chase & Co., while classified as exempt, at some time since March 29, 2007, as an underwriter while classified by the company as exempt from the overtime pay requirements of the FLSA.

I choose to participate in the FLSA collective action titled *Pickle v. J.P. Morgan Chase & Co.*, pending in United States District Court for the Southern District of New York, to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law.

I choose to be represented in this matter by the named Plaintiff and counsel (Lieff, Cabraser, Heimann & Bernstein, LLP) in this action.

Print Name: _Gayla Pickle_

Signature: _Gayla Pickle_

Date Signed: _3/26/2010_

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:

Lieff, Cabraser, Heimann & Bernstein – attn: Jahan Sagafi
275 Battery Street, 29th floor
San Francisco, CA 94111
Fax: 415-956-1008
jsagafi@lchb.com

863633.1